UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X  **NOT FOR PUBLICATION**

EUGENE WINFREY,

                        Plaintiff,        **MEMORANDUM AND ORDER**

  -against-                                  17-CV-3028 (LDH) (JO)

THE CITY OF NEW YORK,

                        Defendant.

------------------------------------------------------------X
------------------------------------------------------------X

EUGENE WINFREY,

                        Plaintiff,

  -against-                                17-CV-3031 (LDH) (JO)

SAMARITAN DAYTOP VILLAGE,
SAMARITAN VILLAGE INC.,

                        Defendants.

------------------------------------------------------------X

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Eugene Winfrey, appearing pro se, filed these two complaints against Defendants in the United States District Court for the Southern District of New York. By Orders dated May 12, 2017, the cases were transferred to this Court. The Court consolidates these two actions for the purpose of this Memorandum and Order. The Court grants Plaintiff's requests to proceed *in forma pauperis* and dismisses the complaints as set forth below.

## BACKGROUND

The two complaints allege that on January 1, 2017, and thereafter, unidentified staff members at a homeless shelter located at 247 49th Street, Brooklyn, New York, stole Plaintiff's

1

property, including mail.  Plaintiff further alleges that he missed two court dates because of the stolen mail.  Plaintiff seeks $200 million in damages and to have criminal charges filed against the unidentified staff members.  These complaints are duplicates of two other complaints filed by Plaintiff in this Court.  *See Winfrey v. Samaritan Daytop Village*, No. 17-CV-2704 (LDH)(JO) (filed April 28, 2017); *Winfrey v. City of New York*, No. 17-CV-2835 (LDH) (JO) (filed May 5, 2017).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In addition, pro se complaints are "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

Furthermore, pursuant to the *in forma pauperis* statute, a court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Additionally, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

# DISCUSSION

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. A plaintiff properly invokes the court's jurisdiction under § 1331 by raising a "federal question"—that is, by pleading a colorable claim "arising under" the Constitution or laws of the United States.[1] *Id.* § 1331. He invokes the court's jurisdiction under § 1332 when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Id.* § 1332(a); *accord Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681-685 (1946)). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011); *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal citation and quotation marks omitted).

Here, Plaintiff premises jurisdiction on a purported "federal question." (*See* Compls. at 4, ¶ II.) However, even under the most liberal construction, Plaintiff has not met his burden to show that the Court has jurisdiction over his claims. Plaintiff's allegations that his property was stolen

---

[1] A claim invoking jurisdiction under § 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable, that is, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) ("[T]he district court has subject matter jurisdiction unless the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (internal quotation marks omitted)).

at a shelter run by Defendant Samaritan Daytop Village, Inc. does not implicate a federal question.[2] Rather, Plaintiff's claims arise under state law.

Furthermore, Plaintiff's request that this Court file criminal charges against unidentified staff members at the shelter is misguided. "Criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution." *Yashaahla v. M.H.A.N.Y.*, No. 05-CV-4963, 2006 WL 845586, at *1 (E.D.N.Y. Mar. 29, 2006) (citations omitted). A private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Ostrowski v. Mehltretter,* 20 F. App'x. 87, 91 (2d Cir. 2001).

Finally, the instant case is duplicative of other cases filed in this Court. Of particular relevance here, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (noting that in exercising this discretion, federal courts are required to "consider the equities of the situation"). This policy protects judicial resources against the abuse of vexatious litigation and fosters the "comprehensive disposition" of disputes. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Therefore, the Second Circuit has held that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 139.

---

[2] In any event, Plaintiff's claims against the Defendants named in the two actions could not proceed even if there was federal question jurisdiction. For example, Defendant Samaritan Daytop Village is a private entity and cannot be sued under the United States Constitution, *see Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999), and Plaintiff has failed to allege a custom or policy to hold Defendant City of New York liable for any constitutional violations, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978).

## CONCLUSION

Accordingly, these two above-captioned complaints are dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff may pursue his state law claims in the appropriate state court. Plaintiff may also contact his local police precinct for information on how to file a criminal complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close both cases.

SO ORDERED.

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
October 11, 2017